UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-23228-CIV-SCOLA/SANCHEZ

FERDINAND LADERA,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

    Defendants.
_____/

### REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT

This matter is before the Court on Plaintiff Ferdinand Ladera's Motion for Entry of Final Judgment by Default as to Certain Defendants Identified on Schedule "A." ECF No. 71.[1] A Clerk's Default (ECF No. 66), was entered against Defendants[2] on January 19, 2024, after Defendants failed to appear, answer, or otherwise plead to the Complaint or to the Motion for Entry

---

[1] The Honorable Robert N. Scola, Jr., United States District Judge, referred this Motion to the undersigned for a Report and Recommendations. ECF No. 74.

[2] The Defendants were listed in Schedule "A" to the Complaint, which lists the marketplaces, merchant names, seller IDs, and Product IDs or ASINs connected to the individuals and/or entities against which Plaintiff seeks default judgment. ECF No. 10-3. After Plaintiff voluntarily dismissed numerous defendants, *see* ECF Nos. 23, 43-56, 61-64, 67, 69, 73, 75-75, 67, Plaintiff revised Schedule "A" in his motion for default judgment to remove the dismissed defendants. *See* ECF No. 71-1 (including only marketplace and seller/merchant names). After Plaintiff filed his motion for default judgment, Plaintiff voluntarily dismissed one additional defendant. *See* ECF No. 76 (dismissing Defendant 113). Accordingly, the operative list of defaulting Defendants is Plaintiff's latest Schedule "A," *see* ECF No. 71-1, excluding Defendant 113. The Defendants subject to this Report and Recommendation are thus the subset of the original Schedule "A" listed on the Modified Schedule "A" attached to this Report. These Defendants are identified as Defendants 3, 5 to 8, 10, 12 to 14, 16 to 17, 20, 22, 30, 34 to 35, 45 to 46, 48, 51, 55 to 56, 58, 64 to 65, 67, 69, 72, 75, 78, 83 to 84, 86 to 89, 91, 93, 95 to 98, 100 to 105, 107 to 110, 112, 114 to 119, 121 to 123, 125 to 132, 134 to 135, 137, 139, 141 to 142, 144 to 146, 148, 150 to 157, 159 to 164, and 167 to 169.

of Clerk's Default (ECF No. 65), and the deadlines to do so have long since passed. After careful consideration of the Plaintiff's filings, the record, and the applicable law, and the undersigned being otherwise fully advised in the premises, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Final Default Judgment, ECF No. 71, be **GRANTED**.

## I. BACKGROUND

Plaintiff Ladera has been a conceptual artist for many years. ECF No. 10-1 (Unredacted Complaint) at ¶ 9; ECF No. 11-1 (Lachman Declaration) at ¶ 5. In 2014, Plaintiff created a piece of digital artwork entitled "Dim Light" (the "Work").[3] ECF No. 10-1 at ¶ 14; ECF No. 11-1 at ¶ 13. In 2022, Plaintiff registered the Work with the United States Copyright Office (Registration Number VA 2-325-188, Effective Date October 10, 2022). ECF No. 10-1 at ¶ 15; ECF No. 10-2 (Certificate of Copyright Registration) at 2. As the registered owner, Plaintiff owns all rights to the Work, including to pursue acts of infringement worldwide and to retain and recover all proceeds thereof. ECF No. 11-1 at ¶ 16; *see* ECF No. 10-1 at ¶¶ 10, 17, 61, 72-73, 81-82.

Plaintiff alleges that Defendants, through e-commerce stores operating via Internet marketplace platforms under their Seller IDs, have advertised, promoted, offered for sale, or sold goods bearing infringements, reproductions, and/or colorable imitations of the Work. *E.g.*, ECF No. 10-1 at ¶¶ 53-57; ECF No. 11-1 at ¶ 29, Composite Exhibit 1. Defendants are not, nor have they ever been, licensed or authorized to use the Work. ECF No. 10-1 at ¶¶ 17, 62, 68; ECF No. 11-1 at ¶ 25; *see also* ECF No. 10-1 at ¶ 53.

---

[3] The undersigned notes that the Complaint and the Motion refer to the Work as "Dim Light," *see* ECF No. 10-1 at ¶ 14; ECF No. 71 at 3, but the copyright registration certificate lists the name of the Work as "Dimlight Forest," *see* ECF No. 10-2. This discrepancy is of no moment given that the Complaint's allegations and the filings in this case make clear that the Plaintiff registered and owns the copyright to the Work pursuant to Registration Number VA 2-325-188.

Plaintiff investigated the Defendants for infringing activity through their Seller IDs. ECF No. 11-1 at ¶¶ 18-24. The Plaintiff or someone under his supervision accessed the stores operating under the Defendants' Seller IDs and captured images of the products bearing the Work offered for sale by Defendants. *Id.* at ¶ 24; Exhibit 1. Test purchases were made, requesting shipment to the United States, and the Plaintiff or someone under his supervision reviewed the products and determined they were unauthorized products bearing the Plaintiff's Work. ECF No. 11-1 at ¶¶ 26, 32.

The Court granted Plaintiff a temporary restraining order ("TRO") against Defendants on September 13, 2023, ECF No. 16, and granted a preliminary injunction on October 10, 2023, ECF No. 42. Defendants were served with the Summons, Complaint, and other papers filed in this case in a manner consistent with the Court's Order Authorizing Alternate Service of Process. ECF No. 71 at 2; ECF No. 71-2 (Nieves Declaration) at ¶ 4; *see* ECF No. 15. Defendants have not answered or otherwise responded to the Complaint or moved for additional time in which to do so. On January 19, 2024, the Clerk entered default against Defendants. ECF No. 66.

On February 7, 2024, Plaintiff filed the instant Motion for Final Default Judgment, in which he requests that the Court (1) grant Final Default Judgment; (2) enjoin Defendants' unlawful use of Plaintiff's copyright rights; and (3) award Plaintiff damages.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55 contains a two-step process by which a party may obtain a final default judgment. Fed. R. Civ. P. 55. For any defendant that fails to plead or otherwise defend against a lawsuit, the Clerk may enter a clerk's default. Fed. R. Civ. P. 55(a). Thereafter, "[p]ursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint." *Chanel, Inc. v. Sea Hero*, 234 F. Supp. 3d 1255, 1258 (S.D. Fla. 2016).

A Clerk's entry of default, however, does not automatically entitle a plaintiff to a default judgment. *See, e.g.*, *Cohan v. Baby Marathon, LLC*, No. 20-60185-CIV-WILLIAMS/VALLE, 2020 WL 6731041, at *1 (S.D. Fla. Oct. 27, 2020) (explaining that a motion for default judgment "is not granted as a matter of right"), *report and recommendation adopted*, 2020 WL 6729393 (S.D. Fla. Nov. 16, 2020). While it is true that a defendant who defaults admits the well-pleaded allegations of fact in the complaint, a defaulting defendant does not admit any facts that are pleaded insufficiently or are mere conclusions of law. *Id.* at *1; *see also, e.g.*, *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. Nov. 24, 2009) (explaining that the pleading standard enumerated in *Iqbal* "is equally applicable to a motion for default judgment") (discussing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Accordingly, an admission of the allegations in the complaint, by itself, may or may not be sufficient to grant default judgment. *See Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("[T]he defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief."); *see also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015).

To adequately state a claim for relief, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Once liability is established, the Court must also assess the form of relief. *See Chanel, Inc. v. French*, No. 05-61838-Civ, 2006 WL 3826780, at *2 (S.D. Fla. Dec. 27, 2006). Section 502(a) of the Copyright Act specifically provides for injunctive relief. 17 U.S.C. § 502(a) ("Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.").

### III. LIABILITY

"Liability for copyright infringement arises when a plaintiff can prove (1) ownership of a copyright, and (2) a defendant's copying of the copyrighted work." *XYZ Corp. v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule "A,"* 668 F. Supp. 3d 1268, 1274 (S.D. Fla. 2023) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

A plaintiff satisfies the first prong when it produces a certificate of registration that confirms the plaintiff's ownership of the copyright. *See id.*; *see also* 17 U.S.C. § 410(c) (providing that a "certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate"). To satisfy the second prong, a plaintiff must establish: (1) that the defendant copied the plaintiff's work as a factual matter; and (2) that there is a substantial similarity between the allegedly infringing work and the copyrighted work that is legally protected. *See XYZ Corp.*, 668 F. Supp. 3d at 1274-75 (citing *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1232-33 (11th Cir. 2010)).

In his Complaint, Plaintiff alleges that he owns the copyright for a digital artwork entitled "Dim Light." ECF No. 10-1 at ¶¶ 14-15. This work is registered in Plaintiff's name with the United States Copyright Office (Registration Number VA 2-325-188, Effective Date October 10, 2022) and protected from infringement under federal copyright law. ECF No. 10-2 (Certificate of Copyright Registration). As such, the Plaintiff has established that he is the owner of the valid copyright for the Work. In addition, Plaintiff alleges that Defendants offered for sale and distributed via the internet unauthorized and infringing copies of Plaintiff's copyrighted Work that are identical or substantially and confusingly similar to the Work, but of inferior quality. *See* ECF No. 10-1 at ¶¶ 33, 53-69. A review of the copyrighted Work and the images published by Defendants reveals that they are substantially similar.

The well-pleaded factual allegations of Plaintiff's Complaint properly allege the elements for copyright infringement. Moreover, the factual allegations in Plaintiff's Complaint have been substantiated by sworn declarations and other evidence and establish Defendants' liability for copyright infringement. Accordingly, default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate.

### IV.   RELIEF

Because Plaintiff has established the Defendants' liability, the Court must next determine whether Plaintiff is entitled to relief. In his motion, Plaintiff requests the entry of a permanent injunction against the Defendants and an award of statutory damages.

**A. Plaintiff Is Entitled to a Permanent Injunction.**

The Copyright Act "permit[s] the entry of an injunction to restrain" any violations of it. *Betty's Best, Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule 'A'*, No. 1:23-CV-22322-KMW, 2023 WL 6171566, at *3 (S.D. Fla. Sept. 21, 2023) (citing 17 U.S.C. § 502, 35 U.S.C. § 283); *see also Pac. & S. Co., Inc. v. Duncan*, 744 F.2d 1490, 1499, n.17 (11th Cir. 1984) (noting that the Copyright Act authorizes an injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright").

Permanent injunction is appropriate where a plaintiff demonstrates that: (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship between the parties favors an equitable remedy; and (4) the issuance of an injunction is in the public interest. *See eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391-92 (2006). "This four-part test is regularly satisfied at the default-judgment stage in copyright-infringement cases." *Goldstein v. Fortador, LLC*, No. 24-CV-20116, 2024 WL 3106108, at *10 (S.D. Fla. May 20, 2024) (internal quotation and citation omitted), *report and recommendation adopted*, 2024 WL 3103355 (S.D. Fla.

June 24, 2024). Plaintiff has met his burden on each of the four factors, and thus he is entitled to a permanent injunction against the Defendants.

Here, Plaintiff established that he has suffered and could continue to suffer irreparable harm based on the Defendants' sales of products that are or bear infringing copies, reproductions, or imitations of his Work. The Court has already found that Plaintiff would likely suffer irreparable injury when it granted Plaintiff a Preliminary Injunction. ECF No. 42 at 3. Plaintiff further states that "[a] permanent injunction will protect Plaintiff's intellectual property interests as well as prevent consumer confusion and deception in the marketplace." ECF No. 71 at 7. Plaintiff has demonstrated that Defendants' actions have caused and will continue to cause irreparable harm, including harm to Plaintiff's reputation, harm related to Plaintiff's ability to compete in search engine results, harm to the visibility of Plaintiff's genuine goods on the internet, and a degradation of the value associated with the image of Plaintiff's Work.

Plaintiff has no adequate remedy at law should the Defendants continue to use and infringe the copyrighted Work in their internet shops. Indeed, the Defendants retain the ability to create and profit from products that infringe on Plaintiff's copyright in the Work. Should the Defendants continue their infringing behavior, an award of monetary damages alone would not remedy the injury to Plaintiff's reputation, and Plaintiff faces hardship as a result of the Defendants' infringement because he is unable to control his reputation in the marketplace. The Defendants, on the other hand, will face no hardship if they are prohibited from infringing on Plaintiff's copyrights. *See Tiffany (NJ) LLC v. Benefitfortiffany.com*, No. 16-60829-Civ-Lenard/Goodman, 2016 WL 8679081, at *6 (S.D. Fla. Nov. 3, 2016) ("It is axiomatic that an infringer of copyright cannot complain about the loss of ability to offer its infringing product.") (quotation omitted). Last, it is in the public interest to issue a permanent injunction against the Defendants to prevent

consumers from being misled by the Defendants' infringing copies and imitations of the Work. *See Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1291 (S.D. Fla. 2016) (citing *Nike, Inc. v. Leslie*, No. 85-960 Civ-T-15, 1985 WL 5251, at *1 (M.D. Fla. June 24, 1985) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior.")). Thus, the undersigned recommends that the Court grant Plaintiff's request for a permanent injunction.

### B. Plaintiff Is Entitled to Statutory Damages Per Infringed Work.

A successful copyright litigant is entitled to actual damages, or, at the election of the copyright owner, statutory damages. *See* 17 U.S.C. § 504. Here, Plaintiff has elected to recover statutory damages pursuant to 17 U.S.C. § 504(c). ECF No. 71 at 8-9.

> Statutory damages are awarded per copyrighted work infringed between Seven Hundred and Fifty Dollars ($750.00) and Thirty Thousand Dollars ($30,000.00), at the discretion of the Court. 17 U.S.C. § 504(c)(1). Further, if the Court finds that the infringement was willful, it is within the Court's discretion to raise the statutory award to One Hundred and Fifty Thousand Dollars ($150,000.00) per infringed work. 17 U.S.C. § 504(c)(2).

*Sanrio Co. v. Sommer's Ent. LLC*, No. 18-CV-22177, 2019 WL 2010249, at *4 (S.D. Fla. Mar. 21, 2019). Here, Plaintiff seeks $100,000 in statutory damages per Defendant. ECF No. 71 at 9.

Courts have wide discretion in determining the amount of statutory damages awarded to a plaintiff, and such damages may be awarded despite a plaintiff's inability to prove it suffered actual damages as a result of the defendant's infringement. *See Goldstein*, 2024 WL 3106108, at *5. "The goal of statutory damages is not to merely compel restitution of profit and reparation for injury, but to also deter future violations of copyright infringement." *See Sadowski v. Orion Healthcare Servs., Inc.*, No. 21-CV-24475, 2022 WL 3155037, at *4 (S.D. Fla. July 21, 2022), *report and recommendation adopted*, 2023 WL 2581349 (S.D. Fla. Mar. 21, 2023). In determining the appropriate statutory damages to award, the Court may consider "several factors including the

8

expenses saved and profits reaped by infringer, revenues lost by copyright holder as a result of infringement, and infringer's state of mind, whether willful, knowing or innocent." *Nintendo of Am. v. Ketchum*, 830 F. Supp. 1443, 1445 (M.D. Fla. 1993).

Here, the Court finds that the Defendants' infringement was willful. Indeed, where Defendants are willing to accept a default judgment, willful infringement may be inferred. *See Perry Ellis Int'l, Inc. v. URI Corp.*, No. 06-22020-CIV, 2007 WL 3047143, at *7 (S.D. Fla. Oct. 18, 2007); *see also Arista Recs., Inc.*, 298 F. Supp. 2d at 1312 (finding willful infringement due to the defendant's default and plaintiff's allegations of willfulness). Further, the requested statutory award is within the range for a willful violation, and it is sufficient to compensate Plaintiff and to punish Defendants and deter them from future infringement. *See, e.g.*, *Starla Michelle, LLC v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule "A"*, No. 1:23-CV-21753-KMW, 2024 WL 473985, at *8 (S.D. Fla. Jan. 3, 2024) (awarding plaintiff $100,000 per defaulting defendant for willful copyright infringement), *report and recommendation adopted sub nom.*, 2024 WL 2315274 (S.D. Fla. May 22, 2024). Accordingly, the undersigned respectfully recommends that the Court award Plaintiff the requested $100,000 in statutory damages per Defendant.[4]

## V. CONCLUSION

For the reasons discussed, the undersigned **RESPECTFULLY RECOMMENDS** that

1. Plaintiff's Motion for Final Default Judgment, ECF No. 71, be **GRANTED** with respect to the Defendants listed in the attached Schedule "A";

2. The Court enter a permanent injunction barring Defendants from further infringing on Plaintiff's copyright of the Work;

---

[4] Notably, the Plaintiff has represented that the requested award of statutory damages in the amount of $100,000 per Defendant "would adequately compensate Plaintiff, including for his expenditure of attorney's fees and costs." ECF No. 71 at 10.

3. Plaintiff be awarded statutory damages in the amount of $100,000 against each Defendant; and

4. The Court order the release to the Plaintiff of the pertinent funds previously restrained under the Preliminary Injunction to satisfy the monetary judgment against each Defendant.

Pursuant to Local Magistrate Rule 4(b), the Court finds good cause to EXPEDITE the period to serve and file written objections to this Report and Recommendation Accordingly, within three (3) days from the date of this Report and Recommendation, that is, **by Friday, September 20, 2024**, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robert N. Scola, Jr., United States District Judge. Failing to file timely objections will bar a de novo determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 17th day of September 2024.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Robert N. Scola, Jr.
    Counsel of Record

| DOE | Market Place | Seller Name |
|---|---|---|
| 3 | Amazon | AiEllen |
| 5 | Amazon | Airyue |
| 6 | Amazon | amanba store |
| 7 | Amazon | Anqing Xingshi Trading Co., Ltd. |
| 8 | Amazon | Baishun Art1 |
| 10 | Amazon | BANGXIANMING |
| 12 | Amazon | CBB123 shop |
| 13 | Amazon | Changhao Art |
| 14 | Amazon | ChangSheng Maoyi |
| 16 | Amazon | chengdukuaishenshoudianzishangwuyouxiangongsi9 |
| 17 | Amazon | CHENTEA |
| 20 | Amazon | DBLLF |
| 22 | Amazon | DSEFSA |
| 30 | Amazon | guangzhoushizhandakejigongzuoshi1 |
| 34 | Amazon | Huiqishangmao21 |
| 35 | Amazon | Huojiaxian jinhong shangmaoLtd |
| 45 | Amazon | LaLaBaoart |
| 46 | Amazon | Lapoea |
| 48 | Amazon | leanhome |
| 51 | Amazon | LiJinjie Art |
| 55 | Amazon | LiuTiantian Art |
| 56 | Amazon | LLaitongshangmao |
| 58 | Amazon | Miytal |
| 64 | Amazon | Sanli SanLi |
| 65 | Amazon | ShuangTaQuJiJieChuanMe |
| 67 | Amazon | Souelyire-DT |
| 69 | Amazon | TOLDIM-US |
| 72 | Amazon | VTREON |
| 75 | Amazon | XIE YI CHENG |
| 78 | Amazon | YaJuanJiaJuShiPin |
| 83 | Amazon | zhengzhigang777 |
| 84 | Amazon | zhouxin668 |
| 86 | Amazon | Zzongkeshangmao |
| 87 | Amazon | 定安红尘傲商贸有限公司 |
| 88 | Amazon | 杜璧贸易有限公司 |
| 89 | Amazon | 追梦人107 |
| 91 | eBay | achi_697 |
| 93 | eBay | ari-967794 |
| 95 | eBay | bargainfindersparadise |

**Modified Schedule "A" - Page 1 of 3**

| 96 | eBay | bestmatchstore |
|---|---|---|
| 97 | eBay | bestone-store |
| 98 | eBay | bfun209 |
| 100 | eBay | cosvar |
| 101 | eBay | countryline |
| 102 | eBay | dealstation-company |
| 103 | eBay | ecommerce5 |
| 104 | eBay | eldadbestdad03 |
| 105 | eBay | eleegsestatesales |
| 107 | eBay | fortune-island |
| 108 | eBay | goldshmithan_0 |
| 109 | eBay | hs-120 |
| 110 | eBay | ichnur0 |
| 112 | eBay | irhar_6344 |
| ▮ | ▮ | ▮ |
| 114 | eBay | john_wilo |
| 115 | eBay | larastore |
| 116 | eBay | ma.sauv_3 |
| 117 | eBay | mangibb-0 |
| 118 | eBay | miss.lucky |
| 119 | eBay | myidbest (CHANGED NAMES TO INTERNETOWNER) |
| 121 | eBay | online_store14 |
| 122 | eBay | pricenter-ksdy |
| 123 | eBay | projectco_54 |
| 125 | eBay | ronlew45 |
| 126 | eBay | runbjtrade |
| 127 | eBay | Sah_creatives |
| 128 | eBay | sarnakc-0 |
| 129 | eBay | saruma_23 |
| 130 | eBay | shay_35 |
| 131 | eBay | shopgeniusdeals |
| 132 | eBay | shopi.mall |
| 134 | eBay | sumithk |
| 135 | eBay | thewobblycart |
| 137 | eBay | vedixdesi_90 |
| 139 | eBay | xaquah0 |
| 141 | Etsy | BellaCasaCanvas |
| 142 | Etsy | CanvaDeco |
| 144 | Etsy | DottedbyJvncc |
| 145 | Etsy | EgeCanvasArt |
| 146 | Etsy | Envyyshop |
| 148 | Etsy | fasong |

**Modified Schedule "A" - Page 2 of 3**

| 150 | Etsy | fengzhangshuaiwei |
| --- | --- | --- |
| 151 | Etsy | HomeDecorFactory |
| 152 | Etsy | Jaesangg |
| 153 | Etsy | LiJilianDesigns |
| 154 | Etsy | longliney |
| 155 | Etsy | LushLovely |
| 156 | Etsy | MagicAprilMoon |
| 157 | Etsy | MagicAriesDecor |
| 159 | Etsy | passthesabot |
| 160 | Etsy | Petridesignstudio |
| 161 | Etsy | Pinkpearl11 |
| 162 | Etsy | scandihomesART |
| 163 | Etsy | TapestryWorldCo |
| 164 | Etsy | The4Geeks |
| 167 | Etsy | VoveShop |
| 168 | Etsy | WellDesignStudio |
| 169 | Etsy | YummyArtDesign |

**Modified Schedule "A" - Page 3 of 3**